## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**RICHARD PERCEFULL**                                      **PLAINTIFF**

v.                          **5:12-cv-171-DPM-JTR**

**VERNON ROBERTSON, Major, Cummins
Unit, ADC, and DONALD TATE, Captain,
Cummins Unit, ADC**                                      **DEFENDANTS**

### ORDER

Richard Percefull filed this *pro se* § 1983 action alleging that, in April

2012, Major Vernon Robertson and Captain Donald Tate violated his

constitutional rights by denying him medical care for acid reflux while he was

confined in administrative segregation at the Cummins Unit. № 7. According

to Percefull, his acid reflux medications and a pillow he used to alleviate his

reflux symptoms while sleeping were seized upon his arrival in

administration segregation.  Over the next twenty days, Percefull allegedly

made several written and oral requests for medical care for severe stomach

pains and the inability to eat, both of which were caused by acid reflux.

Percefull believes that Robertson and Tate kept the prison medical staff from

responding to those requests until after he was released from administrative

segregation.  Robertson and Tate have moved for summary judgment on

Percefull's inadequate-medical-care claim.  All other claims and defendants have been dismissed.  *№ 3 & № 16.*

    **1.**  Because there is no respondeat superior liability in § 1983 actions, *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010), Robertson and Tate cannot be held liable for the alleged failure of the prison medical staff to provide Percefull with adequate medical care for his acid reflux. Instead, Percefull has to demonstrate that Robertson and Tate, through their "own individual actions," violated his constitutional right to adequate medical care.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Percefull must show that Robertson and Tate "directly participated" in the denial of medical care or that their "failure to train or supervise the offending actors" caused the constitutional deprivation. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1031 (8th Cir. 2012).

    **2.** Robertson and Tate are not medical providers.  They do not train or supervise the prison medical staff.  These facts are undisputed.  *№ 37-1 & № 37-2.*  Percefull alleges, without any supporting evidence, that Robertson and Tate refused to process his grievances complaining about the lack of medical care for acid reflux.  *№ 39 at 4.*  Even so, a prison official's failure to properly process a grievance is not a constitutional violation.  *Lomholt v. Holder*, 287

F.3d 683, 684 (8th Cir. 2002).   Instead, an alleged interference with the grievance process could have foreclosed Robertson and Tate from prevailing on a failure-to-exhaust defense. *Sergent v. Norris,* 330 F.3d 1084, 1085-86 (8th Cir. 2003); *Lyon v. Vande Krol,* 305 F.3d 806, 808 (8th Cir. 2002). They, however, have not raised that affirmative defense in this lawsuit.

**3.** Percefull next says that Robertson and Tate directly participated in the constitutional violation by ignoring his verbal request for medical care, refusing to deliver his written medical requests to the prison medical staff, and preventing the prison medical staff from dispensing his reflux medication.  He has not come forward with any evidence to support those allegations; Robertson and Tate, on the other hand, have testified by affidavit that they did none of these things.  *№ 37-1 & № 37-2.*  ADC medical records also demonstrate that, while he was in administrative segregation for twenty days, Percefull was examined by the prison medical staff at least three times, refused sick call once, and reported no medical problems during the medical staff's daily rounds on at least four occasions.  *№ 27-3 & № 37-3.*  There is no evidence that Robertson and Tate prevented or interfered with the prison medical staff's access to Percefull or their decisions on how to properly treat

his acid reflux while he was in administrative segregation.  To go to trial, Percefull "must substantiate his allegations with enough probative evidence to support a finding" that  he had "an objectively serious medical need" and that the defendants were "deliberately indifferent to that need." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 631 (8th Cir. 2009).  He has not.

**4.** Percefull also has not produced any medical evidence demonstrating that he was harmed by any temporary delay in receiving medical care for acid reflux.  For his case to go forward, he must produce some "verifying medical evidence that the defendants ignored an acute or escalating situation or that delays adversely affected the prognosis." *Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997).  Percefull has not carried his burden.

* * *

The motion for summary judgment, № 27, is granted.  Percefull's claims are dismissed with prejudice.   The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

D.P. Marshall Jr.
United State District Judge

*11 June 2013*

-4-